**FILED**
**CLERK**

**6/22/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

COMPLETE ORTHOPAEDICS d/b/a
AA MEDICAL, P.C.,

        *Plaintiff*,

       -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

        *Defendant*.
-----------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

2:26-cv-02604-SJB-JMW

**A P P E A R A N C E S:**

    Eric Schmidt
    **Gottlieb and Greenspan**
    17-17 Route 208, Suite 250
    Fair Lawn, NJ 07410
    *Attorney for Plaintiff*

    Caroline E. Oks
    Genna Autumn Conti
    Magnolia S. Joodi
    **FBT Gibbons LLP**
    One Gateway Center
    Newark, NJ 07102-5310
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Complete Orthopaedics *doing business as* AA Medical, P.C. brings this action against Cigna Health and Life Insurance Company for (1) breach of express contract; (2) breach of implied covenant of good faith and fair dealing; (3) declaratory judgment; (4) account stated; (5) pled in the alternative, quantum meruit; (6) and pled in the alternative, unjust enrichment. (*See generally* ECF No. 1.) Presently before the Court is Defendant's motion to stay discovery

pending resolution of Defendant's anticipated motion to dismiss. (ECF No. 13.) Defendant represents that Plaintiff consents to Defendant's request for a stay. (*Id.*)

For the reasons stated below, the motion is **GRANTED.**

## BACKGROUND

Plaintiff commenced this action, previously pending as Index No. 606583/2026, on March 27, 2026, in the Supreme Court of the State of New York, County of Nassau (ECF No. 1-1.) On May 1, 2026, Defendant removed the case to the United States District Court for the Eastern District of New York. (ECF No. 1.)

On June 8, 2026, Defendant filed a letter motion requesting a pre-motion conference in anticipation of it moving to dismiss Plaintiff's Complaint. (ECF No. 10.) The following day, Defendant, representing consent of Plaintiff, filed a letter motion seeking an adjournment of the initial status conference scheduled for June 18, 2026. (ECF No. 11.) The Court denied the request on June 10, 2026, instructing the parties instead to formally brief a motion to stay. (Electronic Order dated June 10, 2026.)

Accordingly, Defendant, representing consent of Plaintiff, filed a motion to stay discovery on June 11, 2026. (ECF No. 13.) The next day, the Court adjourned *sine die* the initial conference formerly set for June 18, 2026, pending resolution of this matter.

## THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14,

2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not automatically warrant a stay of discovery. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)). Rather, a stay of discovery is warranted only upon a showing of "good cause[.]" *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)).

Discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive[.]" *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (Spatt, J.). The overarching goal is "to secure the just, speedy, and inexpensive determination of every action[.]'" *Id.* at 357 (quoting Fed. R. Civ. P. 1). To illustrate, suppose a case involves multiple defendants, but only some made dispositive motions. That would cut against granting a stay, because "discovery [would] proceed in the case whether or not the [dispositive] motion [were] granted." *Id.* at 359. Along the same lines, courts should aim to minimize redundancy. Sometimes staying discovery may "help prevent duplicative and inefficient litigation[,]" *Drop a Piano Prods., LLC v. Maraboyina*, No. 25 CIV. 8631 (JPC), 2026 WL 473268, at *1 (S.D.N.Y. Feb. 19, 2026), whereas other times it can have the opposite effect and "unnecessarily lead to duplicative document production and depositions[,]" *Hachette Distribution*, 136 F.R.D. at 359. *Au fond*, "[a] court determining whether to grant a stay of discovery pending a motion must look to the 'particular circumstances and posture of each case.'" *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (quoting *Hachette Distribution*, 136 F.R.D. at 358).

That said, some guidelines are well established. In evaluating whether a stay of discovery is justified, courts typically consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Castillo v. Seviroli Foods, Inc.*, No. 21-CV-0005-ERK-JMW, 2021 WL 5416625, at *1 (E.D.N.Y. Nov. 19, 2021) (applying the "three-factor test" to a motion to stay discovery pending the resolution of a motion to dismiss); *Yzryahl v. Figuccio*, No. 2:25-CV-00474 (SJB) (JMW), 2025 WL 1149474, at *2 (E.D.N.Y. Apr. 17, 2025) (same). "While various district courts debate which of the three factors is the most important, 'there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion.'" *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y.) (quoting *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024)).

The Court considers each of the three factors below, and concludes that it is appropriate to grant Defendant's motion to stay.

## DISCUSSION

**I.    Whether Defendant Has Made a Strong Showing That Plaintiff's Claims are Unmeritorious**

In evaluating the apparent strength of a motion to dismiss for purposes of deciding whether to stay discovery, some courts require a "strong showing" that the complaint is unmeritorious, or, in other words, "'substantial arguments for dismissal.'" *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013)). Other courts, however, have articulated a more lenient standard, finding that a stay may be

warranted merely where the defendant's motion "is potentially dispositive, and appears to be not unfounded in the law.'" *Little v. City of New York Dep't of Fin.*, No. 20-CV-1979 (RPK)(MMH), 2022 WL 3704214, at *2 (E.D.N.Y. Aug. 26, 2022) (quoting *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF)((WDW), 2014 WL 6883529, at *2–4 (E.D.N.Y. Dec. 3, 2014)); *see also Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024) (staying discovery based on "colorable" arguments for dismissal). Without deciding which standard is correct in general, the Court concludes that the lenient standard is appropriate here, because "the overarching consideration of the circumstances in their totality governs." *Nike, Inc. v. Lululemon USA Inc.*, No. 22CV00082RAOTW, 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (internal citation omitted). Because the second and third factors below weigh strongly in favor of granting the stay, *see infra*, a correspondingly weaker showing on the first factor is sufficient.

The Complaint asserts that Plaintiff, a healthcare provider, received a favorable Independent Dispute Resolution determination under the No Surprises Act ("NSA"), yet Defendant, a health insurance company, continued to refuse to pay. (*See* ECF No. 1-1, ¶¶ 26—29.) The Complaint does not assert a cause of action under the NSA itself, but rather asserts various state-law causes of action including breach of contract. (*Id.*, ¶¶ 32—84.) Defendant seeks to move to dismiss. (ECF No. 10.)

While no briefing schedule has been set, Defendant has moved for a pre-motion conference before Judge Bulsara. (*Id.*) Plaintiff opposes this request. (ECF No. 15.) A review of

the pre-motion conference letters suggests that Defendant has proffered legitimate arguments on its anticipated motion to dismiss.[1]

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Candidly, both parties have asserted viable positions in their pre-motion letters. Defendant argues it can make a strong showing that Plaintiff's claims are unmeritorious because (1) the NSA does not authorize a private right of action to enforce an IDR determination; (2) the absence of a private right of action under the NSA cannot be circumvented under the guise of state law causes of action; and (3) even if permitted, Plaintiff's state law claims are expressly preempted by ERISA § 514. (ECF No. 13 at 1–2.) On the other hand, Plaintiff asserts that Defendant's arguments are mistaken. (ECF No. 15 at 1.) After providing medical services to Defendant's member, Plaintiff pleads state contract and quasi contract claims seeking payment from Defendant, relying on IDR determinations as evidence of the reasonable value of services rendered. (*Id.*)

Courts in this District have found that "the NSA contains no express right of action to enforce or confirm an IDR award, nor does it contain an implied private right of action to do the

---

[1] In considering the present motion, the Court is basing the analysis solely upon the arguments made in the pre-motion letters which are not intended to prejudge in any way the motion to dismiss which will be briefed before, and considered by, Judge Bulsara.

same." *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, 790 F. Supp. 3d 129, 137 (E.D.N.Y. 2025) (citation modified).[2] Although Plaintiff does not purport to bring a claim under the NSA, Defendant maintains that Plaintiff's attempt to "circumvent" the NSA by pleading state-law claims must also fail. (ECF No. 10.) Courts outside this Circuit have ruled that "[p]laintiffs may not circumvent Congress's omission of a private right of action in the NSA by seeking to enforce a federal right under a state law theory." *SpecialtyCare Inc. v. Meritain Health, Inc.*, No. CV 25-198-MN, 2026 WL 353259, at *7 (D. Del. Feb. 9, 2026), *report and recommendation adopted*, No. CV 25-198 (MN), 2026 WL 745341 (D. Del. Mar. 17, 2026).

Accordingly, without taking any position as to how Judge Bulsara will ultimately rule on Defendant's motion to dismiss, Defendant's arguments are at least "colorable." *Thomas*, 2024 WL 3706844, at *4 (granting stay). The first factor therefore leans in favor of a stay, albeit modestly.

## II.    Breadth of Discovery and Corresponding Burdens

The second factor—breadth and corresponding burdens of discovery—also leans in favor of granting a stay, "because the parties could not only avoid substantial hardship, but also prevent a waste of precious resources by staying discovery pending the outcome of the motion to dismiss." *Alloway*, 2024 WL 4827752, at *6; *see also Mineo v. Town of Hempstead*, No. 22CV04092JMAJMW, 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (finding burden where

---

[2] To be sure, as Plaintiff notes, "th[is] issue is far from settled. Neither the Supreme Court nor the Second Circuit has yet ruled on whether the NSA provides a private right of action." (ECF No. 15 at 2.) Courts elsewhere in this Circuit have concluded that it does. *Guardian Flight LLC v. Aetna Life Ins. Co.*, 789 F. Supp. 3d 214, 229 (D. Conn. 2025) ("[T]he NSA creates a private cause of action to enforce IDR awards."); *Agag v. Cigna Health & Life Ins. Co.*, No. 3:25-CV-00498 (SRU), 2026 WL 1021213, at *1 (D. Conn. Apr. 15, 2026) ("[A] provider may seek confirmation of an IDR award in federal court under the NSA, but not the FAA, because the requested relief can be provided through a summary proceeding that does not involve a traditional private right of action or judicial review.").

a defendant "seeks dismissal of the entire complaint on multiple grounds, and if granted, any discovery, including depositions and obtaining the remainder of paper discovery, conducted in the interim would have been without purpose").

Defendant asserts that a favorable determination of its anticipated motion to dismiss will either (1) obviate the need for discovery altogether and prejudice Defendant in the interim, or (2) impact the scope of discovery based on the remaining claims. (ECF No. 13 at 12–13.) "Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Accordingly, the second factor is met as well.

### III. Risk of Unfair Prejudice

Counsel represents that Plaintiff has consented to a stay pending Defendant's anticipated motion to dismiss. (ECF No. 13 at 13–14.) Accordingly, the risk of unfair prejudice is greatly reduced, if not removed. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-CV-07101 (RPK) (JMW), 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding "little or no prejudice" where plaintiff consented).

Moreover, this case is in its nascent stage, commenced less than three months ago on March 27, 2026. (ECF No. 1-1.) On June 12, 2026, the initial conference was adjourned *sine die* pending resolution of the instant Motion to Stay. Consideration of this factor against the backdrop of the current stage of litigation weighs strongly in favor of granting a stay. *See Camacho v. Nassau BOCES Sch. Dist.*, No. 21CV01523DRHJMW, 2021 WL 4949033, at *7 (E.D.N.Y. Oct. 25, 2021) (finding "minimal, if any, risk of prejudice to Plaintiff since discovery

has not begun and Plaintiff expressly advised Defendants that she does not oppose a stay of discovery.").

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to stay discovery (ECF No. 13) is **GRANTED**. In the event the motion to dismiss is denied—in part or in full—the parties are directed to meet and confer and file a joint proposed schedule for discovery within 10 days of the ruling on the motion to dismiss.

Dated: Central Islip, New York
         June 22, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge